Concurring Opinion by
Judge Blatt :
I concur fully with the majority opinion. I do believe, however, that the policy reasons behind the interpretation of subsection 402(d) (3) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802 (d) (3) need to be more specifically articulated. That subsection, of course, excludes from the receipt of benefits those employees who belong to “a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in or directly interested in, the dispute.”
The majority opinion has followed the cases cited therein which take the position that a claimant is excluded from benefits whenever his work is part of an intricate production system so integrated with the striking group’s work that it would be impossible for the employer to continue operation unless the work of the striking group is being performed. In my view, the purpose of these requirements is to encourage employees in such a situation to bargain together and thus to avoid the possibility that separate strikes will individually cripple the employer’s business. In effect, it puts the burden on such employees to act with unanimity through a common collective bargaining agent or by some other means in all matters affecting their relations with their employer. Curcio Unemployment Compensation Case, 165 Pa. Superior Ct. 385, 68 A.2d 393 (1949). It is, therefore, a reasonable provision.